UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————

ABDOU SECK on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

        -against-

MERCANTILE ADJUSTMENT BUREAU, LLC

                        Defendant.
——————————————————————————

## CLASS ACTION COMPLAINT

### Introduction

1.      Plaintiff, Abdou Seck, brings this action against Mercantile Adjustment Bureau, LLC for

        violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

        ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive

        and unfair collection practices while attempting to collect on debts.

### Parties

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

        that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.      Upon information and belief, Defendant's principal place of business is located in

        Williamsville, New York.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

        consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(a)(6).

**Jurisdiction and Venue**

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Abdou Seck**

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about April 9, 2015, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     The said letter stated in pertinent part: "Fees 0.00."

13.     The Defendant's statement of "Fees 0.00" is unlawful.

14.     The Defendant did not have any legal right to include any such language in the said collection letter.

15.     An unsophisticated consumer could be led to believe that though there is no collection fee at this time he may be responsible to pay such a fee in the future.

16.     The said letter's language suggests a threat, and is perplexing to the unsophisticated consumer implying that the creditor is permitted to receive a collection fee.

17.     Such a statement of "Fees 0.00" is not considered a permissible fee that a creditor may charge in connection with a consumer credit transaction. Tylke v. Diversified Adjustment Service, Inc., No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that,

as the defendant suggests, an "unsophisticated consumer" might understand the statement

to be explaining that no part of the debt is a "collection fee" even though the (creditor's)

agreement allows for one. On the other hand, it is also possible that an "unsophisticated

consumer" would interpret the statement to mean that there is no "collection fee" now but

that one could be assessed later on. In other words, the inclusion of a collection fee, even

one showing a balance of zero, could imply the future possibility of one. Such a reading

is neither bizarre nor idiosyncratic.)

18.    The said language can be reasonably read to have two or more different meanings, one of

which is inaccurate.  Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir.

1989) (Because the collection notice was reasonably susceptible to an inaccurate reading,

it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314,

1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one

reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S.,

74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be

reasonably read to have two or more different meanings, one of which is inaccurate. The

fact that the notice's terminology was vague or uncertain will not prevent it from being

held deceptive under § 1692e(10) of the Act.)

19.    Defendant's April 9, 2015 letter has violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5)

1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely

representing the character, amount, or legal status of a debt; for the false representation of

compensation which may be lawfully received by a debt collector for the collection of a

debt; for threatening to take any action that cannot legally be taken or that is not intended

to be taken; for the use of unfair and unconscionable means to collect on a debt; and for

attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

20.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

21.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22.     The identities of all class members are readily ascertainable from the records of Mercantile Adjustment Bureau, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

23.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Mercantile Adjustment Bureau, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

24.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

25.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

26.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

27.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the

absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:**  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.  Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

28.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

29.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

31.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

32.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33.     This cause of action is brought on behalf of Plaintiff and the members of a class.

34.     The said class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter similar to the letter sent to the Plaintiff; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally

be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

**Violations of the Fair Debt Collection Practices Act**

35.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
May 11, 2015

>               ___/s/__ Maxim Maximov_____
>               Maxim Maximov, Esq.
>               Attorneys for the Plaintiff
>               Maxim Maximov, LLP
>               1701 Avenue P
>               Brooklyn, New York 11229
>               Office: (718) 395-3459
>               Facsimile: (718) 408-9570
>               E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

>               __/s/__ Maxim Maximov_____
>               Maxim Maximov, Esq.